# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN BAPTISTE NEAL,<br><br>    Plaintiff,<br><br>v.<br><br>DIRECTOR OF CDCR, et al.,<br><br>    Defendants. | Case No.  1:14-cv-02067-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**<br><br>**(Doc. 12)** |

**I. FINDINGS**

    Plaintiff, Sean Baptiste Neal, is a state prisoner proceeding *pro se* in this civil rights action. On February 4, 2013, Plaintiff filed this action in Kern County Superior Court. (Doc. 1-1.) After a demur was granted, Plaintiff stipulated that he would amend as to all Defendants. (Doc. 1, ¶5.) Plaintiff served the First Amended Complaint ("1stAC") on Defendants on December 1, 2014 and they received it Defendants on December 3, 2014. (*Id.*, at ¶ 6.) Defendants filed their notice of removal in this action on December 22, 2104. (Doc. 1.) On January 26, 2015, Plaintiff filed a motion for remanded. (Doc. 12.) Defendants filed an opposition to which Plaintiff replied. (Docs. 15, 16.) The motion is deemed submitted. L.R. 230(l).

    **A. Legal Standards**

    Section 1441(a) of Title 28 provides that a defendant may remove from state court any

action "of which the district courts of the United States have original jurisdiction." The vast majority of lawsuits "arise under the law that creates the cause of action." *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585 (1916) (Holmes, J.); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229 (1986). Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, "a case may [also] arise under federal law 'where the vindication of a right under state law *necessarily* turn[s] on some construction of federal law,' " *Merrell Dow*, 478 U.S. at 808, 106 S.Ct. 3229 (quoting *Franchise Tax Bd. v. Const. Laborers Vac. Trust*, 463 U.S. 1, 9, 103 S.Ct. 2841 (1983) (emphasis added)), but "only [if] . . . the plaintiff's right to relief *necessarily* depends on a substantial question of federal law," *Franchise Tax Bd.*, 463 U.S. at 28, 103 S.Ct. 2841 (emphases added).

For removal to be proper, it must be clear from the face of the complaint that federal subject matter jurisdiction exists. *Oklahoma Tax Comm'n. v. Graham,* 489 U.S. 838, 840-41, 109 S.Ct. 1519 (1989) (per curiam). The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987) (quotation marks and citation omitted); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citations omitted); *Marin General Hosp. v. Modesto Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citations omitted); *Hall*, 476 F.3d at 687 (citation omitted).

The removal statute is strictly construed against removal and the defendant bears the burden of establishing grounds for removal. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32, 123 S.Ct. 366 (2002) (citations omitted); *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (citation omitted); *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011) (citation omitted); *Hunter*, 582 F.3d at 1042 (citations omitted). Courts must consider whether federal jurisdiction exists, *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996) (quotation marks and citations omitted), and must reject federal jurisdiction if there is any doubt as to the right of removal in the first instance, *Duncan v. Stuetzle*,

2

76 F.3d 1480, 1485 (9th Cir. 1996) (quotation marks and citation omitted); *Hunter*, 582 F.3d at 1042 (citations omitted).

### B. Discussion

#### 1. Plaintiff's Motion

Plaintiff makes three arguments to support his motion to remand: (1) that Defendants' notice of removal was not timely filed since Defendants received the original Complaint on August 12, 2014 which relied on more federal law than the 1stAC did (Doc. 12, p. 4); (2) that the case does not turn on a federal question since the 1stAC does not present a substantial dispute over the effect of a federal law (*id.*, at pp. 5-7); and (3) that Defendants are forum shopping to avoid legal responsibility (*id.*, at p. 7). Plaintiff requests that if remand is not granted, all claims requiring interpretation of California law be severed from this action. (*Id.*, at p. 7.)

Defendants respond that Plaintiff's original Complaint did not invoke federal court jurisdiction (Doc. 15, pp. 2-4); that their removal after receipt of the 1stAC was proper (*id.*, at pp. 4-5); and that they are not forum shopping (*id.*, at pp. 5-6).

##### a. Timeliness of Notice of Removal

Procedures for removal are prescribed by 28 U.S.C. § 1446. If a defendant or defendants desire to remove a civil action from state court to federal court, they must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

Subdivision (b) of § 1446 specifies the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). Subdivision (b)(3) of that same section states "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one

3

1  which is or has become removable." Failure to comply with the applicable thirty-day time limit
2  or the unanimity requirement renders the removal procedurally defective. *See Emrich v. Touche*
3  *Ross & Co.,* 846 F.2d 1190, 1193 n. 1 (9th Cir.1988).

4  If Plaintiff's original Complaint, which was received by Defendants Lopez and Biter via
5  acknowledgment and receipt on September 25, 2014 and Defendant Kernan on August 12, 2014
6  (*see* Doc. 1, Removal, 2:1-6), affirmatively revealed on its face the facts necessary for federal
7  court jurisdiction, *see Rea v. Michaels Stores Inc.,* 742 F.3d 1234, 1237-38 (9th Cir. 2014),
8  Defendants' removal of the action to this Court on December 22, 2014 is untimely. If, however,
9  the first notice that Defendants had that this case was removable was upon receipt of the 1stAC
10 on December 1, 2014 (*see id.*, at 2:16-22) Defendants' removal of the action to this Court on
11 December 22, 2014 was timely. Plaintiff argues for remand asserting that neither of his pleadings
12 are subject to federal question jurisdiction.

### 2. Plaintiff's Pleadings

14 The pivotal question is whether the original Complaint or the 1stAC present a federal
15 question on their face, if at all. *Caterpillar,* 482 U.S. at 392; *Hunter,* 582 F.3d at 1042 (citations
16 omitted); *Marin General Hosp,*.581 F.3d at 944 ; *Hall,* 476 F.3d at 687 (citation omitted). State-
17 law causes of action "invoke[ ] federal-question jurisdiction only if [they] necessarily raise a
18 stated federal issue, actually disputed and substantial." *Nevada*, 672 F.3d at 674 (alteration and
19 internal quotation marks omitted).

20 Plaintiff argues that he did not intend either of his pleadings to present a federal question,
21 but that if a federal question was presented, it was presented in the original Complaint since he
22 cited five decisions from Ninth Circuit in that pleading which is more indicative of a federal
23 question than that presented in the 1stAC where he did not allege any particular federal or United
24 States rule or procedure that requires federal analysis and simply cited the Eighth Amendment in
25 one of his claims in connection with Article 1, §17 of California's Constitution. (Doc. 12, pp. 5-
26 7.) Plaintiff thus argues that, since the original Complaint, if at all, more likely presented a
27 federal question than the 1stAC, Defendants' notice of removal was untimely since Defendants
28 received the original Complaint on August 12, 2014, but did not file their notice of removal until

1   after their demurrer was granted and they were served with the 1stAC.[1]  (*Id.*)  Defendants counter
2   that Plaintiff's claim in the 1stAC which noted the Eighth Amendment was the first time that the
3   basis for removal was ascertainable on the face of Plaintiff's pleading, such that their subsequent
4   notice of removal was timely.  (Doc. 15, pp. 2-5.)

5       The original Complaint and 1stAC must be closely examined to ascertain when
6   Defendants first had notice that this case was removable.  (Docs. 1-1, 1-5.)  Plaintiff's claims in
7   his pleadings are premised on allegations that he was injured by exposure to excessive amounts of
8   arsenic in the only water provided for inmates to drink at Kern Valley State Prison.  (*Id.*)

### a. The Original Complaint

10      In the original Complaint, Plaintiff alleged four causes of action:   (1) intentional tort; (2)
11  exposure to dangerous conditions; (3) negligence; and (4) declaratory relief.  (Doc. 1-1.)
12      In the first and third causes of action (for intentional tort and negligence) Plaintiff cites
13  various sections of the California Civil Code, the California Code of Civil Procedure, and the
14  California Government Code, and does not cite to any federal case law, statute, or constitutional
15  amendments.  (Doc. 1-1, at pp. 6-7, 9.)
16      In the second cause of action, "Exposure to Dangerous Conditions,"  Plaintiff states "The
17  exposure to toxic substances can support a claim according to *Wallis*[2] *v. Baldwin*, 70 F.3d 1074,
18  1076-77 (9th Cir. 1995)" and later states "Plaintiff's allegation that Defendants and each of them
19  were and are aware of the water contamination issue and is presumably responsible for [sic]
20  address the issue at the Prison level and Defendant Biter prepared the Memorandum
21  acknowledging that he is aware of the arsenic drinking water.  *Hebbe v. Pliler*[3]*,* 627 F.3d 338,
22  342 (9th Cir. 2010)."  (*Id.*, at p. 8.)  Plaintiff's intent in citing *Hebbe* is unclear as it addressed
23  pleading standards for *pro se* inmates, the requirements for an access to court claim based on the
24  First and Fourteenth Amendments of the United States Constitution, and found that allegations of

---

[1] Plaintiff's assertion that Defendants removed the case to this court for "forum shopping" purposes does not merit discussion.  Removal of cases by inmates for violation of their rights by prison employees is a common litigation practice.

[2] In his citation, Plaintiff misspelled this case name as "Walhs."  (Doc. 1-1, at p. 8)

[3] In his citation, Plaintiff misspelled this case name as "Phler."  (Doc. 1-1, at p. 8.)

being forced to choose between exercising outdoors or using the law library over an eight month period of time suffice to state a claim under the Eighth Amendment of the United States Constitution to survive a motion to dismiss -- which does not have any discernable application to Plaintiff's factual allegations. In *Wallis,* the Ninth Circuit found it "uncontroverted that asbestos poses a serious risk to human health" sufficient to support a claim of deliberate indifference under the Eight Amendment. *Wallis,* 70 F.3d at 1076. The correlation between Plaintiff's allegations and *Wallis,* is that asbestos and arsenic both pose a serious risk to human health. However, Plaintiff's use of *Wallis* is merely as a reference "by way of example" which is "not enough to confer federal-question jurisdiction." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040-41 (9th Cir.2003).

In the fourth cause of action, "Declaratory Relief," Plaintiff cites various sections of the California Civil Code, the California Code of Civil Procedure, and the California Government Code. (Doc. 1-1, at p. 10.) In the first paragraph of the fourth cause of action, Plaintiff states "by doing so, each Defendant is stripped of Government representative character, and must answer tort liability for their crimes according to the case of *Ex Parte Young*, 209 U.S. 123 (1908); *O'Shea v. Littleton*, 414 U.S. 488 (1974); *Gavel v. United States*, 408 U.S. 606 (1972)." (*Id.*, at p. 10.) None of these cases cited by Plaintiff appear to have any application to his factual allegations in the original Complaint. *Ex Parte Young* is a habeas corpus case, *O'Shea* addressed the lack of standing of Plaintiffs who were not injured by the actions complained of, and *Gavel* pertains to motions to quash subpoenas relating to release and dissemination of Pentagon Papers. (Doc. 1-1, at p. 10.) Thus, none of the cases cited in the original Complaint would have put Defendants on notice of federal jurisdiction for Plaintiff's claims in this action.

### b. The 1stAC

In the 1stAC, Plaintiff alleged the following two causes of action:

(1) failure to conform to California Water laws in violation of California Constitution, Article X, §7, California Health and Safety Code §116555(a)(3), and California Water Code §13000 (Doc. 1-5, pp. 12-13); and

(2) violation of California Constitution, Article I, §17 and the Eighth Amendment of the United States Constitution for failing to bring KVSP water into compliance with

> the California Clean Water Act in which subjected Plaintiff to cruel and unusual punishment in deliberate indifference to Plaintiff's complaints and injuries in intentional infliction of emotional distress (*id.*, at pp. 13-14).

While the first cause of action is exclusively state law based, the second cause of action specifically charges Defendants with violation of "the Eighth Amendment of the United States Constitution." (*Id.*, at p. 13.) Such a cause of action necessarily raises a stated federal issue, actually disputed and substantial which invokes federal-question jurisdiction. *See Nevada*, 672 F.3d at 674. Plaintiff is the master of his claims and could have avoided federal jurisdiction by exclusively relying on state law. *See Caterpillar, Inc.*, 482 U.S. at 392 (citations omitted); *Hunter,* 582 F.3d at 1042. However, since the 1stAC specifically charged Defendants with violation of the Eighth Amendment to the United States Constitution it raised a stated, actually disputed, and substantial federal issue and placed Defendants on notice of federal-question jurisdiction, such that their removal of this action to this court was proper.

It has been clarified "that the thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Rea,* 742 F.3d at 1237-38 quoting *Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 691–92 (9th Cir.2005) (internal quotation marks omitted).

Thus, since Defendants were served the 1stAC on December 1, 2014, the notice of removal which they filed on December 22, 2014 was timely.  28 U.S.C. § 1446(b)(3). Accordingly, Plaintiff's motion to remand should be denied.

### 3. Severance of State Law Claims

In the conclusion to his motion, Plaintiff requests that if his motion to remand is denied, all claims requiring interpretation of state laws be severed from this action. Defendants did not respond to this part of Plaintiff's motion.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under §

1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Accordingly, Plaintiff's request to sever all claims under state law should be denied.

## II.  RECOMMENDATIONS

Accordingly, the undersigned HEREBY RECOMMENDS that Plaintiff's motion to remand the action to state court, filed January 26, 2015 (Doc. 12), be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 15 days after** being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 8, 2015**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE