# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN BAPTISTE NEAL,<br><br>        Plaintiff,<br><br>    v.<br><br>DIRECTOR OF CDCR, et al.,<br><br>        Defendants. | Case No.  1:14-cv-02067-AWI-JLT (PC)<br><br>**ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATION AND ORDER REMANDING ACTION TO STATE COURT**<br><br>**(Docs. 12, 17 )** |

      Plaintiff, Sean Baptiste Neal, is a state prisoner proceeding *pro se* in this civil action.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On February 4, 2013, Plaintiff filed this action in Kern County Superior Court.  (Doc. 1-1.)  After a demur was granted, Plaintiff stipulated that he would amend as to all Defendants.  (Doc. 1, ¶5.)  Plaintiff served the First Amended Complaint ("FAC") on Defendants on December 1, 2014 and they received it on December 3, 2014.  (*Id.*, at ¶ 6.)  Defendants filed their notice of removal in this action on December 22, 2104, and removed the matter to this Court on the basis of federal question jurisdiction.  (Doc. 1.)  On January 26, 2015, Plaintiff filed a motion for remanded.  (Doc. 12.)  Defendants filed an opposition to which Plaintiff replied.  (Docs. 15, 16.)

      On April 9, 2014, the Magistrate Judge issued a Findings and Recommendations ("F&R") to deny Plaintiff's motion to remand the action to state court.  (Doc. 17.)  The F&R was served that same date and allowed for filing of objections within fifteen days.  Id.  Plaintiff filed timely objections.  (Doc. 18.)

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case.

The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); see California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). That is, the court "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000); Duncan, 76 F.3d at 1485. Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." California, 215 F.3d at 1014. Federal courts may exercise federal question jurisdiction when: (1) a federal right or immunity is an essential element of the plaintiff's cause of action; or (2) a state law claim necessarily raises a disputed and

1  substantial federal issue, which "a federal forum may entertain without disturbing any
2  congressionally approved balance of federal and state judicial responsibilities." Marinduque, 582
3  F.3d at 1087.  The plaintiff is "the 'master' of her case, and if she can maintain her claims on both
4  state and federal grounds, she may ignore the federal question, assert only state claims, and defeat
5  removal." Duncan, 76 F.3d at 1485; Dynegy, 375 F.3d at 838-39.

6   Here, Plaintiff's second cause of action reads in pertinent part:  "In violation of California
7  Constitution, Article I, § 17, and the Eight [sic] Amendment of the United States Constitution,
8  Defendants omission to bring KVSP water into compliance with California Clean Water Act . . .
9  subjected Plaintiff to cruel and unusual punishment, in that he suffered injury as stated . . . ."
10 FAC ¶ 29.  This paragraph does suggest two claims for cruel and unusual punishment – one under
11 the California constitution and one under the federal constitution.  However, Plaintiff's objection
12 to the F&R clarifies his complaint.  Plaintiff explains that he is merely "supplementing" his cruel
13 and unusual punishment claim by referencing the Eighth Amendment, just like the plaintiff in
14 *Rains v. Criterion Syts., Inc.*, 80 F.3d 339 (9th Cir. 1996).  Plaintiff states that he "cited to the 8th
15 Amendment to support his State Law claim for Cruel and Unusual Punishment, he was not
16 attempting to plead a separate claim." Doc. No. 18.

17  Given the similarity in standards between the Eighth Amendment and Art. I § 17, and
18 Plaintiff's misreading of *Rains*, the Court can see a reasonable reading of the FAC in which no
19 Eighth Amendment claim is actually alleged.  First, the Eighth Amendment prohibits cruel and
20 unusual punishment.  California Constitution Art. I § 17 is the state equivalent to the Eighth
21 Amendment and it also prohibits cruel and unusual punishment. Moreno v. Beard, 2014 U.S.
22 Dist. LEXIS 20692, *22 (C.D. Cal. Jan. 13, 2014).  Essentially, the same standards would apply
23 under both the Eighth Amendment and Art. I § 17 to Plaintiff's claims regarding exposure to
24 arsenic.  See id.; see also In re Alva, 33 Cal.4th 254, 294 (2004); Ochoa v. Superior Ct., 39 Cal.3d
25 149 (1985); Inmates of Riverside Cnty. Jail v. Clark, 144 Cal.App.3d 850, 858-59 (1983).
26 Plaintiff could cite to Eighth Amendment cases as persuasive authority for his Art. I § 17 claims.
27 Second, *Rains* held that there was no federal question involved in a state law wrongful
28 termination in violation of public policy claim that borrowed the public policy of Title VII.  See

Rains, 80 F.3d at 341-44, 347.  There is no public policy based claim for which Plaintiff would "borrow" the Eighth Amendment.  However, considering Plaintiff's pro se status, the Court can understand how some confusion could ensue.

Plaintiff's objections reveal an ambiguity in the FAC.  The Court will resolve the ambiguity by taking Plaintiff at his word and accepting his clarification.  See Lippitt v. Raymond James Fin. Srvs., Inc., 340 F.3d 1033, 1040 (9th Cir. 2003) (accepting clarification from a pro se plaintiff of his ambiguous complaint).  That is, the Court will read the FAC as seeking relief under only California law.  Although it is possible to read a federal cause of action for violation of the Eighth Amendment, the Court will read the FAC as not alleging an Eighth Amendment claim because Plaintiff is the master of his complaint, see Duncan, 76 F.3d at 1485, and any doubts about jurisdiction are resolved against finding jurisdiction.  See Hunter, 582 F.3d at 1042.

Because Plaintiff does not seek recovery for a violation of the Eighth Amendment, there is no federal question present in the FAC.  Without a federal question, this Court is without jurisdiction and must remand this matter to state court.  Bruns, 122 F.3d at 1257.

Additionally, Plaintiff requested fees and costs based on an improper removal.  28 U.S.C. § 1447(c) permits the Court to award "just costs" and expenses as part of a remand order.  See Jordan v. Nationstar Mortg., Inc., 781 F.3d 1178, 1184 (9th Cir. 2015).  An award of such costs and expenses, which may include attorney's fees, is appropriate where "the removing party lacked an objectively reasonable basis for seeking removal."  Jordan, 781 F.3d at 1184.  Here, given the ambiguous nature of Plaintiff's complaint, the Court cannot find that Defendants' removal to be objectively unreasonable.  Therefore, the Court will not award costs and expenses against Defendants.

Having carefully reviewed the entire file, the Court finds that it lacks subject matter jurisdiction over this removed case.  As a result, the Court must remand this case to the Kern County Superior Court.  Because the F&R found that federal question jurisdiction existed, the Court respectfully will decline to adopt the F&R.

//

//

Accordingly, IT IS HEREBY ORDERED that:

1. The Court DECLINES to adopt the Findings and Recommendations, issued on April 9, 2015 (Doc. 17);
2. Plaintiff's motion to remand (Doc. 12) is GRANTED;
3. Pursuant to 28 U.S.C. § 1447(c) and due to lack of subject matter jurisdiction, this matter is REMANDED forthwith to the Kern County Superior Court; and
4. The Court DECLINES to award costs, expenses or fees against Defendant.

IT IS SO ORDERED.

Dated: __July 8, 2015__          _____
                                  SENIOR DISTRICT JUDGE